IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

      Plaintiff,                     No.  2: 12-cv-3045 JFM (PC)

    vs.

STATE OF CALIFORNIA, et al.,

      Defendants.              ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

### I. Screening

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, see Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The complaint names three defendants, the State of California, Edmund G. Brown and Warden Duffy. It also asserts three claims. In Claim I, plaintiff asserts that his primary care physician ordered plaintiff a typewriter as a means of communication with the court and to prevent further injury as a result of his carpal tunnel syndrome. However, he asserts that the

2

State of California refused to provide him with a typewriter. In Claim II, plaintiff asserts as follows:

> Defendant and Governor Edmund G. Brown was repeatedly advised that his appointee - Secretary of Corrections Matthew Cates - was and is directing correctional personnel to obstruct plaintiff's access to the courts.
>
> Defendant and Governor Edmund G. Brown was advised that his cabinet appointee and Secretary of Corrections - Matthew Cates - was overseeing a monumental conspiracy to obstruct justice, wherein crimes committed by correctional personnel were concealed and went without investigation.
>
> Defendant and Governor Edmund G. Brown had/has the authority to stop his subordinate appointee, and cabinet secretary - Matthew Cates - yet knowingly and recklessly allowed Secretary Cates et al. to perpetrate a "campaign of criminal predation" upon plaintiff, so as to avoid the sociopolitical ramifications certain to follow public notice of the CDCR corruption referenced immediately hereinabove.
>
> Defendant and Governor Edmund G. Brown, knowingly and recklessly provided tacit approval to his appointee and subordinate Secretary - Matthew Cates - even as plaintiff reported attempted homicides orchestrated by correctional officials under the direction of Secretary Cates.

(ECF No. 1 at p. 4.)

In Claim III, plaintiff asserts as follows:

> Warden Duffy . . . has knowingly, deliberately, and recklessly permitted his subordinate personnel to engage in criminal acts and other malfeasance with the intention of inflicting duress upon plaintiff, so as to prevent plaintiffs:
>
> A. Continued communication with the courts, press, and other law enforcement agencies.
> B. Successful prosecution of civil rights complaints.
> C. Efforts to expose the extent of criminal activity perpetrated by prison personnel with impunity.
> D. Efforts to expose the criminal complicity of high ranking correctional officials whom obstructed justice by preventing criminal investigations, and/or concealing crimes perpetrated by prison personnel.
> E. Efforts to seek redress from or for crimes already suffered by plaintiff.

3

> Warden Duffy has the authority as warden to stop, prevent or have investigated the criminal acts and other malfeasance referenced above, yet he (def. Duffy) has only encouraged the criminal predation now being suffered by allowing his staff to engage in the same with impunity, and to the continued detriment and injury of plaintiff.

(ECF No. 1 at p. 5.)

The court finds the allegations in plaintiff's complaint so vague and conclusory that the complaint fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In Claim I, plaintiff asserts that his primary care physician ordered plaintiff a typewriter due to his carpal tunnel syndrome and de quervain's tenosynovitis. However, he asserts that "correctional administrators" refused to provide plaintiff with a typewriter. In any amended complaint that plaintiff may elect to file, plaintiff is advised that there is no constitutional right to the use of a typewriter. See Lindquist v. Idaho State Bd. Of Corr., 776

4

F.2d 851, 858 (9th Cir. 1985). However, to the extent that plaintiff is attempting to raise in Claim I an access to the courts claim, he is advised that such an allegation can state a cognizable claim for the denial of access to the court to the extent the plaintiff can establish actual injury to court access under <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996), as a direct result of lack of access to a typewriter. Plaintiff must also allege that defendants' hindrance of his access to the court, by denying him a typewriter, was not reasonably related to legitimate penological interests. <u>See</u> <u>id.</u> at 361.

With respect to Claims II and III, it appears that plaintiff is also attempting to raise an access to the courts claim. However, once again, as with Claim I, plaintiff must allege in any amended complaint that the lack of access to the courts caused him actual injury. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." <u>Lewis</u>, 518 U.S. at 348; <u>see also</u> <u>Vandelft v. Moses</u>, 31 F.3d 794, 796 (1994).

Furthermore, in any amended complaint that plaintiff may elect to file, he is further informed that the Civil Rights Act under which this action is filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statue requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

1  actions of their employees under a theory of *respondeat superior* and, therefore, when a named
2  defendant holds a supervisory position, the causal link between him and the claimed
3  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
4  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).
5              In this case, plaintiff has named the State of California, Governor Edmund G.
6  Brown and Warden Duffy as the three defendants.  First, the State of California is not a "person"
7  and not a proper party.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We
8  hold that neither a State nor its officials acting in their official capacities are 'persons' under §
9  1983.").  Additionally, in any amended complaint that plaintiff elects to file, he must allege a
10 causal link between the named defendants and the claimed constitutional violation.
11             In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading.  This is because, as a
14 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
15 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
16 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
17 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
18              **II.  Motion for Temporary Restraining Order and Preliminary Injunction**
19             Plaintiff has also filed a motion for a temporary restraining order and a motion for
20 injunctive relief.  The legal principles applicable to requests for injunctive relief, such as a
21 temporary restraining order or preliminary injunction, are well established.  To prevail, the
22 moving party must show either a likelihood of success on the merits of the underlying
23 controversy and the possibility of irreparable injury, or that serious questions are raised and the
24 balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v.
25 Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762
26 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale

with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977).

The Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order. First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunctive at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order. See Local Rule 231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. See Local Rule 231(c). Additionally, for a temporary restraining order/preliminary injunction, the plaintiff must provide a proposed order. See id.

Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

A motion for injunctive relief must relate to the allegations in the complaint. If

there is no relation, it is not an injunctive relief situation.  A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.  See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); see also De Beers Consol. Mines, Ltd., v. United States, 325 U.S. 212 (1945).

In this case, plaintiff's complaint is being dismissed with leave to amend. Therefore, plaintiff's motion for a temporary restraining order and a preliminary injunction will be denied without prejudice as the court cannot determine whether the relief requested in the motion will relate to the conduct that plaintiff may decide to allege in any amended complaint plaintiff elects to file.

### III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2.) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

1  file an amended complaint in accordance with this order may result in the dismissal of this
2  action.
3          5. Plaintiff's motion for a temporary restraining order and motion for a
4  preliminary injunction (ECF No. 4) is denied without prejudice.
5  DATED: April 2, 2013.

                                        ALLISON CLAIRE
                                        UNITED STATES MAGISTRATE JUDGE

14
fisc2595.14new

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

        Plaintiff,                    No. 2: 12-cv-3045 JFM (PC)

   vs.

STATE OF CALIFORNIA, et al.,

        Defendants.            <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____      Amended Complaint

DATED:

                                              _____

                                              Plaintiff