UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:12-cv-03045 JFM (PC) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On December 19, 2012 plaintiff initiated this action, asserting three claims against defendants the State of California, Edmund G. Brown and Warden Brian Duffy. ECF No. 1. In Claim I of his original complaint, plaintiff asserted that his primary care physician ordered plaintiff a typewriter due to his carpal tunnel syndrome but that correctional administrators refused to provide him with one. See ECF No. 5. In Claims II and II of his original complaint, the court found that plaintiff was attempting to raise an access to the courts claim. See id. Plaintiff's original complaint was dismissed for a failure to state a claim upon which relief can be granted. Id. Plaintiff's first and second amended complaints are now before the court.

/////

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. Plaintiff's First Amended Complaint

In his first amended complaint, filed on May 6, 2013, plaintiff names sixteen defendants: the State of California, Duffy, Matthew Cates, P. Tucker, D. Ramirez, Brown, Gehm, Governor Edmund G. Brown, Cheng, P. Mirich, Becerra, Bass, Providence, Sinkovich, Spaulding, and R. Brady. ECF No. 10. In his first amended complaint, plaintiff alleges as follows.

Plaintiff does contend that the named defendants all were, and/or

are collectively engaging in the following acts or omissions:

    A.  Withholding a disability accommodation (i.e. typewriter) ordered by a physician to facilitate plaintiff's communication with the court, and to prevent continued pain/injury to plaintiff's wrist and hand by the repetitive motion of handwriting.

    B.  Depriving plaintiff of the physical therapy and pain medication ordered by a physician to treat the pain in plaintiff's left hand (used for handwriting).

    C.  Stealing documents (evidence) from the cell of plaintiff.

    D.  Confiscating and possibly destroying eight (8) boxes of legal documents necessary to plaintiff's effective prosecution of civil complaints and habeas corpus petitions. Then refusing plaintiff's repeated requests to access them.

    E.  Placing plaintiff on administrative segregation status (a.k.a. isolation) under false pretexts so as to murder plaintiff, and intercept, censor, pilfer evidence from, divert, and/or destroying plaintiff's legal/regular U.S. mail.

    F.  Violating California State Code of Regulations by refusing to process written requests submitted to officers by plaintiff, so as to prevent plaintiff from creating a written record of outgoing mail to the courts.

    G.  Depriving plaintiff of adequate access to law library resources, then affirming a declaration under oath and penalty of perjury containing false statements of material facts to conceal said inadequate access.

    H.  Depriving plaintiff of the one and only administrative means in which plaintiff can report criminal predation by prison personnel, and redress the acts/omissions giving rise to this instant civil rights complaints.

    I.  [D]eliberately and knowingly subjecting plaintiff to wanton, suffering and anguish so as to compel plaintiff to stop "snitching" (i.e. informing on them) or being a "rat." Them as used in this paragraph refers to correctional officers and their workplace associates.

Id. at 7, 9. Plaintiff also alleges there have been "attempts to murder plaintiff," and plaintiff has been deprived "of exercise and recreation for over a year." Id. at 10.

    Plaintiff's first amended complaint contains no specific charging allegations as to any of the sixteen named defendants. The court finds the allegations in plaintiff's first amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the first amended

3

complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the first amended complaint must be dismissed.

### III.  Plaintiff's Second Amended Complaint

On May 20, 2013, plaintiff filed a second amended complaint naming the following five defendants: the State of California, Edmund G. Brown, Matthew Cates, Warden Brian Duffy, and Dr. Habeeb Al-Mufti. ECF No. 11. In his second amended complaint plaintiff alleges as follows.

Defendants Edmund G. Brown, Duffy and Cate, and "Captain Benton and Lt. Brown" who are unnamed defendants, were advised by plaintiff that his "CDCR form 22 requests" were being refused and plaintiff was deprived of written receipts of his outgoing mail. Id. at 4.

Plaintiff has "suffered attempted murders at the hands of officers and medical personnel."[1] Id. at 5. Defendants are aware of these allegations. Id. Defendants "knowingly and recklessly continued to allow the very prison personnel plaintiff is accusing of heinous crimes . . . to have custody over plaintiff, control[] over plaintiff's health care, and control[] over every necessity of life needed by plaintiff to sustain him." Id. at 6.

"The accused prison personnel" have committed the following acts: intercepted plaintiff's mail to the courts, press and government officials, "adulterate[d] plaintiff's food with intent to murder," deprived plaintiff of exercise time, stole evidence of attempted murder, and reduced "plaintiff's hemodialysis treatment." Id. at 7-8.

Defendant State of California "deprived plaintiff of a disability accommodation" in the form of a typewriter that was ordered to prevent further injury to plaintiff's wrists due to the

---

[1] It appears plaintiff is alleging attempted murder by "prison physicians and custody officers" who he alleges "are working in concert to exacerbate previously diagnosed medical pathologies currently suffered by plaintiff so as to induce infection, illness, injury, and death to the person and body of plaintiff." Id. at 65.

repetitive motion of handwriting. Id. at 8. With regard to plaintiff's wrist pain, Dr. Sharrar, an unnamed defendant, prescribed plaintiff to stop handwriting, participate in physical therapy, take steroid injections and ice his wrist. Id. Thereafter, Dr. Sharra cancelled plaintiff's physical therapy and discontinued his steroid injections and morphine prescription. Id. at 8-9.

When plaintiff attempted to ice his wrists, Officer Tucker, an unnamed defendant, instructed the nurses to withhold bags of ice from plaintiff and later to limit the amount of ice given to plaintiff each time. Id. at 9-10. Officer Tucker then instructed nurses to only give plaintiff ice in a cup rather than a bag. Id. at 10. Not having the ice in a bag limits the "therapeutic cold temp[er]ature to" plaintiff's wrist. Id.

"The accused personnel who process the inmate appeals" have refused plaintiff's appeals. Id. at 11. "Plaintiff's inability to use the inmate appeal system by reason of corrupt prison personnel is delaying and obstructing plaintiff[']s efforts to obtain court review of life threatening problems." Id. "The defendants are abusing their discretion in the improper and unlawful processing of plaintiff's appeal submissions." Id. at 13.

In his claim for relief, plaintiff repeats the allegations set forth in his first amended complaint. Id. at 14. Plaintiff also requests a "preliminary injunction, permanent injunction, and temporary restraining order." Id. at 16.

While plaintiff refers to a number of exhibits attached to his second amended complaint, plaintiff failed to properly label any of the attachments with the corresponding letters referenced in his second amended complaint. Rather, plaintiff provided ten declarations in support of his allegations. See id. at 17-87. The declarations are styled as follows: "'Torture'" pleading by plaintiff, a complement to the similarly entitled declarations of the torture series, 1/3, 2/3, and 3/3" (id. at 17-21); "Declaration as to the plaintiff belief of the collusion of the internal affairs division" (id. at 22-29); "Torture Series 1/3 Declaration" (id. at 30-32); "Plaintiff's declaration indicating ongoing criminal effort to obstruct plaintiff's access to this court by corrupt prison officials" (id. at 33-38); "Destruction/theft of evidence declaration of plaintiff" (id. at 39-44, 55-60); declaration regarding plaintiff's carpal tunnel syndrome (id. at 45-50); "Pleading – as to CDCR 22 form" (id. at 51-54); "Declaration as to an ongoing conspiracy to murder plaintiff by

agents of the State of California" (id. at 61-75); "Theft of evidentry [sic] documents possibly sanctioned criminal misconduct" (id. at 76-84; "Complaint against District Court Judge request that Judge Mueller be recused"[2] (id. at 85-86).

In these numerous declarations, plaintiff reasserts many of the allegations found in his second amended complaint. Plaintiff also makes a number of conclusory statements unrelated to the allegations in his second amended complaint, and which identify unnamed defendants. To the extent the court can construe plaintiff's lengthy declarations, plaintiff makes the following additional allegations. Plaintiff has been "diagnosed with severe chronic anemia" and as a result is sensitive to cold temperatures. Id. at 31. Plaintiff had a heater in his prison cell which was taken away from him or "deactivate[d]" by Officers Ramirez and Tucker, both unnamed defendants. Officer Ramirez and Nursing Assistant Roberts, also an unnamed defendant, refused to "reactivate" plaintiff's heater, saying "Why should he have a private heater when everyone else doesn't?" and "show me anything in writing which say [sic] I have to turn that heater back on." Id. When plaintiff tried to use hot tap water to stay warm, Officer Ramirez shut off the hot water. Id. Officer Ramirez and Nursing Assistant Roberts then asked plaintiff if he was okay, if he wanted any ice, and told him it was "going to be a long night." Id. Plaintiff alleges Nursing Assistant Roberts and Officers Ramirez and Tucker "intended to cause plaintiff . . . prolonged suffering, pain and misery." Id. at 32.

Plaintiff's wheelchair was searched by an Officer R. Gonzales, also not a named defendant, "because of a missing shower fixture." Id. at 39. Officers Abila and Spong, unnamed defendants, "ransacked [plaintiff's] documents under the pretext of a missing shower fixture." Plaintiff alleges that his documents "were the true target" of the search. Id. at 43.

As with plaintiff's first amended complaint, the court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff's second amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the

---

[2] Plaintiff's "complaint" regarding District Judge Kimberly J. Mueller concerns are an unrelated federal action and will not be addressed by the undersigned in this order on plaintiff's first and second amended complaints. See Case No. 2:12-cv-02321 KJM DAD (PC).

Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones, 733 F.2d at 649. Moreover, as drafted, the court cannot determine who plaintiff intends to name as defendants. Rule 10(a) of the Federal Rules of Civil Procedure requires that a complaint include a caption identifying all of the parties.

Plaintiff's second amended complaint contains no specific charging allegations as to the named defendants Edmund G. Brown, Matthew Cates, Warden Brian Duffy or Dr. Habeeb Al-Mufti.

To the extent plaintiff is attempting to assert a Section 1983 claim against defendants Edmund G. Brown, Matthew Cates and Warden Brian Duffy, plaintiff is advised that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, as with plaintiff's original and first amended complaints, plaintiff has failed to

1  establish a causal link between the named supervisory defendants and his alleged constitutional
2  violations.
3     To the extent plaintiff seeks to state a due process claim predicated on the named
4  defendants' alleged failure to process grievances filed by plaintiff, plaintiff is informed that
5  prisoners do not have a "separate constitutional entitlement to a specific prison grievance
6  procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855
7  F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to
8  properly implement, an administrative appeals process within the prison system does not raise
9  constitutional concerns. Mann, 855 F.2d at 640; see also Buckley v. Barlow, 997 F.2d 494, 495
10 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8,
11 10 (N.D. Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer
12 any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest
13 requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a
14 failure to process a grievance does not state a constitutional violation. Buckley, supra. State
15 regulations give rise to a liberty interest protected by the Due Process Clause of the federal
16 constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical
17 and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin
18 v. Conner, 515 U.S. 472 (1995).
19    With regard to defendant State of California, plaintiff is correct that the State of California
20 is not entitled to immunity from suit under the Eleventh Amendment because it does not apply to
21 claims under the Americans with Disabilities Act (ADA) brought against a state. See Clark v.
22 State of California, 123 F.3d 1267, 1269-70 (9th Cir. 1997) (citing Duffy v. Riveland, 98 F.3d
23 447, 452 (9th Cir. 1996)). However, plaintiff's allegation that defendant State of California
24 deprived him of a "disability accommodation" in the form of a typewriter to prevent injury to his
25 wrists is without merit. ECF No. 10 at 8. As noted in this court's prior order dismissing
26 plaintiff's original complaint, there is no constitutional right to the use of a typewriter. ECF No.
27 5 at 4-5 (citing Lindquist v. Idaho State Bd. Of Corr., 776 F.2d 851, 858 (9th Cir. 1985)).
28    Because the second amended complaint violates Rule 8 and fails to state a cognizable

8

1 claim against the five clearly named defendants, it must be dismissed with leave to amend.

2 Additionally, it appears from the second amended complaint's remaining allegations that plaintiff has attempted to improperly join other defendants and claims that are unrelated to the allegations against the named defendants discussed above.[3] Therefore plaintiff's remaining claims must be dismissed.

To the extent plaintiff seeks to join defendants and claims that are unrelated to his allegations against the five clearly named defendants, plaintiff is informed of the following principles that may apply to this action. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Here, the remaining allegations appear to be unrelated to plaintiff's claims against the named defendants for improper processing of his grievances and the deprivation of a disability

---

[3] The remaining claims in the body of plaintiff's second amended complaint and the attached declarations involve individuals who are not named defendants in the caption or in the "defendants" section of plaintiff's second amended complaint. It is difficult to ascertain which individuals, if any, plaintiff intended to include as defendants. To the extent plaintiff seeks to have the court refer to his first amended complaint for additional named defendants, the court declines to do so because an amended complaint supersedes any prior complaint, and each claim and defendant in an amended complaint must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

accommodation. Instead, plaintiff alleges separate instances of attempted murder, interference with plaintiff's mail, the withholding of ice for his wrists, the deactivation of a heater in his cell, and an unlawful search of his documents. Claims based on these allegations appear to be improperly joined because there are no facts demonstrating they arise out the same occurrence and involve a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). Claims against improperly joined defendants must also be dismissed.

Plaintiff will be granted leave to file a third amended complaint. If plaintiff chooses to file a third amended complaint, plaintiff must include a complete list of all intended defendants. Plaintiff must also identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is reminded that any amended complaint must be complete in itself without reference to any prior pleading. Loux, 375 F.2d at 57; Local Rule 220. Once plaintiff files a third amended complaint, his prior pleadings are superseded.

Finally, plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

**IV.     Request for Injunctive Relief**

In his second amended complaint, plaintiff included a request for a "preliminary injunction, permanent injunction, and temporary restraining order." ECF No. 10 at 16. As

discussed above, plaintiff's second amended complaint is dismissed.  Plaintiff's request for injunctive relief is therefore premature because he has failed to state a claim upon which relief can be granted and there are no defendants against whom this court could enter an order.  If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s).  The court cannot issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Accordingly, the court will deny plaintiff's request for injunctive relief as premature.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first and second amended complaints are dismissed;

2. Plaintiff's request for injunctive relief is denied as premature; and

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 1, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

brow3045.14amd.new

11