UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:12-cv-03045 MCE AC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On December 19, 2012, plaintiff initiated this action, asserting three claims against defendants the State of California, Edmund G. Brown and Warden Brian Duffy. ECF No. 1. Plaintiff's original complaint was dismissed for a failure to state a claim. ECF No. 5. On May 6 and May 20, 2013, plaintiff filed a first and second amended complaint, respectively. ECF Nos. 10, 11. Plaintiff's first and second amended complaints were also dismissed with leave granted to file a third amended complaint. ECF No. 12. Plaintiff's third amended complaint is now before the court. Third Amended Complaint, ECF No. 27.

/////

/////

1

I. <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. <u>See</u> <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

II. <u>Plaintiff's Third Amended Complaint</u>

In his third amended complaint, filed on January 28, 2014, plaintiff names the State of California as the sole defendant and alleges as follows. Plaintiff is disabled due to his condition, de Quervain's tenosynovitis, and has been deprived reasonable accommodations by defendant the

1 State of California, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101
2 et seq.  Third Amended Complaint, ECF No. 27, at 3.  Plaintiff was prescribed specific
3 accommodations by a physician and defendant the State of California either denied or cancelled
4 these accommodations.  Id.  Plaintiff was diagnosed with his disability in or around November
5 2012, and continues to be denied accommodations by defendant the State of California.  Id.  The
6 reasonable accommodations plaintiff has been denied include "rehabilitation therapy, a
7 typewriter, an inmate or staff to assist plaintiff in writing documents, bags of ice, ace bandages,
8 and pain relief medication." Id. at 5.  The denial of these reasonable accommodations has
9 "severely limited" plaintiff's ability to communicate with "the courts and other government
10 officials." Id. at 6.

11     Title II of the ADA prohibits a public entity from discriminating against a qualified
12 individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A.
13 County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  In other words, the ADA is
14 designed to challenge the denial of a benefit or service accorded similarly situated individuals –
15 i.e., discrimination – "by reason of" the plaintiff's disability.  The Supreme Court has held that
16 Title II of the ADA applies to state prisons. Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S.
17 206, 210 (1998); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001).  To state
18 a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual
19 with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of
20 some public entity's services, programs, or activities; (3) the plaintiff was either excluded from
21 participation in or denied the benefits by the public entity; and (4) such exclusion, denial of
22 benefits or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County,
23 Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th
24 Cir. 2004); Weinrich, 114 F.3d at 978.  The "alleged deliberate refusal of prison officials to
25 accommodate [a prisoner's] disability-related needs in such fundamentals as . . . medical care . . .
26 constitutes exclusion from participation in or . . . denial of the benefits of the prison's services,
27 programs, or activities." United States v. Georgia, 546 U.S. 151, 157 (2006); see also Kiman v.
28 New Hampshire Dept. of Corrs., 451 F.3d 274, 284 (1st Cir. 2006) (citing Georgia, 546 U.S. 151,

for proposition that prison medical care is considered a service, program or activity covered by the ADA).

Here, plaintiff has not stated a cognizable claim for a violation of the ADA. With regard to plaintiff's claims involving medical care and treatment, plaintiff has not alleged any facts that, if true, would establish that he was denied access to medical services because of his alleged disability. See, e.g., Kiman, 451 F.3d at 284 (noting courts have "differentiated ADA claims based on negligent medical care from those based on discriminatory medical care"). The treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) ("The ADA does not create a remedy for medical malpractice.")); see also Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for ADA claims). Likewise, plaintiff has failed to allege that he has been prevented from utilizing a typewriter and obtaining assistance to prepare his legal papers because of his disability.

Accordingly, the court again finds the allegations of plaintiff's third amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The third amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), his third amended complaint must be dismissed. In the interests of justice, the court will provide plaintiff a final opportunity to cure the noted deficiencies and therefore will grant him leave to file a fourth amended complaint.

If plaintiff chooses to file a fourth amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the fourth amended

complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fourth amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a fourth amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.    Request for Injunctive Relief

In his third amended complaint, plaintiff included a request for "declaratory and injunctive relief."  Third Amended Complaint at 4.  As discussed above, plaintiff's third amended complaint is dismissed.  Plaintiff's request for injunctive relief is therefore premature because he has failed to state a claim upon which relief can be granted and there are no defendants against whom this court could enter an order.  If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s).  The court cannot issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Accordingly, the court will deny plaintiff's request for injunctive relief as

premature.

IV. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed;

2. Plaintiff's request for injunctive relief is denied as premature; and

3. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of the fourth amended complaint; failure to file a fourth amended complaint that complies with this order will result in a recommendation that this action be dismissed.

DATED: February 21, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE