UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:12-cv-03045 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff initiated this action on December 19, 2012, asserting claims against the State of California, Governor Edmund G. Brown and Warden Brian Duffy. ECF No. 1. Plaintiff's original complaint was dismissed for a failure to state a claim. ECF No. 5. On May 6 and May 20, 2013, plaintiff filed his first and second amended complaints. ECF Nos. 10, 11. Plaintiff's first and second amended complaints were dismissed, with leave granted to file a third amended complaint. ECF No. 12. Plaintiff filed the third amended complaint on February 3, 2014. ECF No. 27. Plaintiff's third amended complaint was dismissed with leave granted to file a fourth amended complaint. ECF No. 28. On May 22, 2014, plaintiff filed the Fourth Amended Complaint ("Complaint"), and he filed a "Fifth Revised Complaint" on June 3, 2014. ECF Nos. 31 & 36.

1

I.       Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); Nordstrom v. Ryan, 762 F.3d 903, 908 n.1 (9th Cir. 2014). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Plaintiff here seeks non-monetary relief against a governmental entity, so the court need only concern itself with whether the complaint is legally frivolous (there is no indication at this point that it is "malicious"), or fails to state a claim.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). Accordingly, the complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Where, as here, the prisoner is proceeding without counsel, his complaint must be construed liberally, and may only be dismissed "'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)); Nordstrom, 762 F.3d at 908 (same).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the factual allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Plaintiff's Fourth Amended Complaint

In his Fourth Amended Complaint ("Complaint") (ECF No. 31), plaintiff names the State of California as the sole defendant, and asserts two claims. The complaint does not specify the statutory basis for the claims. However, the factual allegations of the Complaint implicate Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

The ADA prohibits a public entity – including a state prison – from excluding a qualified individual with a disability from participation in its services, programs or activities, by reason of that disability. 42 U.S.C. § 12132; Castle v. Eurofresh, Inc., 731 F.3d 901, 910 (9th Cir. 2013) ("State Defendants must ensure that disabled prisoners are not discriminated against with regard to the provision of 'the benefits of [their] services, programs, or activities' on account of a prisoner's disability"). As part of this prohibition, the prison must "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7).

A. Claim One

In the first claim, plaintiff alleges that he has a physical disability known as "de Quervain's tenosynovitis." Complaint at 3 ¶ 1. The Complaint alleges that this condition causes him to be unable to communicate in writing about prison conditions and "criminal predation," unable to communicate with the courts, the press and government officials, and unable to

participate in nearly every program offered by the California Department of Corrections and Rehabilitation ("CDCR"), all of which are accessed by written requests. Complaint at 3 ¶¶ 2, 5 & 6 ("nearly every program (social, administrative and rehabilitative) offered by the CDCR is woefully dependent upon plaintiff's ability to communicate written requests for the same"). The Complaint further alleges that the State has hindered and "obstructed" plaintiff's ability to communicate in writing, and has withheld any assistance and accommodation that would enable him to communicate in writing. Complaint at 3 ¶¶ 3-4.

The court reads these allegations to mean that plaintiff is being excluded from all the prison's programs and activities because defendant refuses to make a reasonable accommodation for plaintiff's inability to communicate his request for those services in writing. The complaint further alleges that plaintiff is being prevented from communicating with the outside world – an activity available to other inmates – because defendant refuses to make a reasonable accommodation for plaintiff's disability, which prevents him from being able to communicate in writing.

However, plaintiff does not provide enough information about the alleged failure to accommodate to permit defendant to respond to the complaint. Plaintiff does not indicate when this failure occurred, who was involved in denying the accommodation, what accommodation plaintiff requested, and the like. While the court appreciates the brevity of the Fourth Amended Complaint, plaintiff must include enough information in his complaint for defendant to know what event or series of events is at issue here.

If plaintiff chooses to amend his complaint, he is reminded that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior complaint no longer serves any function in the case. Therefore, in a fifth amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

The first claim will therefore be dismissed with leave to amend.

B. Claim Two

Plaintiff's second claim alleges that he has "bi-polar disorder." Complaint at 4 ¶ 1. Plaintiff further alleges that because of that disability, he has been denied access to "the law enforcement services" of the State and federal governments, as well as their "investigative and protective measures," after he made a "complaint of criminal predation." Complaint at 4 ¶ 3. Plaintiff alleges that defendant "specifically cit[ed] plaintiff's mental health disability as the reason" for denying him access to those services. Complaint at 4 ¶ 4.

The court reads these allegations to mean that plaintiff was subject to some kind of criminal, predatory attack in prison, and that because of defendant's bi-polar disorder, defendant denied him the protection it would have otherwise provided him. However, these allegations are too sparse to let defendant know what it is charged with doing or failing to do. Defendant appears to be referring to a specific "complaint of criminal predation" that was not properly acted upon, but he omits any information that would allow the defendant to know what complaint he is referring to. Defendant will not be asked to comb through plaintiff's entire file and then guess which incident plaintiff is complaining about.

The second claim will therefore be dismissed with leave to amend.

III. Plaintiff's "Fifth Revised Complaint"

The court authorized plaintiff to file a fourth amended complaint, which he filed. Plaintiff then, without explanation, filed a "Fifth Revised Complaint." However, the latter complaint is substantively identical to the Fourth Amended Complaint, and the court can divine no reason why it was filed. The court will therefore strike the "Fifth Revised Complaint."

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Fourth Amended Complaint is DISMISSED with leave to amend.

a. Leave is granted to amend the first claim solely to allow plaintiff to add sufficient details to his claims to allow defendant to know what event or series of events plaintiff is complaining about, such as what accommodations were requested and when, how and when

5

they were denied, and who was involved.

      b. Leave is granted to amend the second claim solely so that plaintiff can identify the "criminal predation complaint," and who was involved in denying the requested protection, so that defendant knows what event plaintiff is referring to.[1]

  2. Plaintiff is granted thirty days from the date of service of this order to file a fifth amended complaint that complies with the requirements of this order, the ADA, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fifth amended complaint must bear the docket number assigned this case and must be labeled "Fifth Amended Complaint"; plaintiff must file an original and two copies of the fifth amended complaint; failure to file a fifth amended complaint that complies with this order will result in a recommendation that this action be dismissed.

DATED: October 20, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court has previously indicated an unwillingness to give plaintiff any more chances to try to amend his complaint. ECF No. 28 at 4. However, the Fourth Amended Complaint shows that, if these additional details are included, plaintiff might be able to prevail on his ADA claims. Accordingly, leave is granted to amend.