UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:12-cv-03045 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's fifth and first amended complaints. ECF Nos. 41, 44.

On March 31, 2014, plaintiff filed his fourth amended complaint, which named the State of California as the sole defendant. ECF No. 31. The complaint contained two claims, and though it did not specify the statutory basis for the claims, the factual allegations implicated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Id. In Count I, plaintiff alleged that he was being excluded from prison programs and activities because defendant refused to make a reasonable accommodation for his inability to communicate his request for those services in writing. Id. at 3. Count II alleged that plaintiff was subject to some kind of criminal, predatory attack in prison, and that because of his bi-polar disorder, he was denied protection he otherwise would have been afforded. Id. at 4.

1

1  On October 20, 2014, the court dismissed plaintiff's fourth amended complaint with leave
2  to amend. ECF No. 39. The scope of plaintiff's leave to amend was limited. Plaintiff was
3  permitted to amend Count I to add sufficient details to allow defendant to identify the series of
4  events he was complaining about, such as what accommodations were requested, when and how
5  they were denied, and who was involved. Id. at 5-6. He was also permitted to amend Count II to
6  identify the "criminal predation complaint" and who was involved in denying the requested
7  protection so that defendant could identify the event plaintiff was referring to. Id. at 6. Plaintiff
8  was advised that "the fifth amended complaint must bear the docket number assigned this case
9  and must be labeled 'Fifth Amended Complaint.'" Id.

10  On November 3, 2014, plaintiff filed his fifth amended complaint. ECF No. 41. On
11  January 4, 2015, without explanation, plaintiff filed another document labeled "First Amended
12  Complaint." ECF No. 44. The "first amended complaint" states claims different than those
13  presented in the fourth amended complaint, adds additional defendants, and does not include the
14  State of California as a defendant and therefore exceeds the scope of amendment permitted by the
15  court. The "first amended complaint" also appears to be an abbreviated version of the proposed
16  first amended complaint currently pending in Brown v. Sagireddy, et al., 2:14-cv-00338 JAM AC
17  P at ECF No. 39. "Plaintiffs generally have 'no right to maintain two separate actions involving
18  the same subject matter at the same time in the same court and against the same defendant.'"
19  Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v.
20  Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)) (overruled on other grounds by Taylor v.
21  Sturgell, 553 U.S. 880, 904 (2008)).

22  Because the "first amended complaint" exceeds the scope of amendment permitted by the
23  court; is duplicative of the proposed amended complaint currently pending in Brown v.
24  Sagireddy, et al., 2:14-cv-00338 JAM AC P; and appears to have been filed in this action by
25  mistake, it will be stricken from the record. The fifth amended complaint will be screened in due
26  course.
27  ////
28  ////

Accordingly, IT IS HEREBY ORDERED that the court will strike the "first amended complaint" (ECF No. 44) from the record.

DATED: April 10, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3