UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:12-cv-3045 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions to recuse.[1] ECF Nos. 47, 48.

Plaintiff moves to recuse the undersigned magistrate judge from this action. ECF Nos. 47, 48. Plaintiff's motions are considered pursuant to the standards set forth in 28 U.S.C. §§ 144 and 455. Plaintiff also requests that the District Judge rule on the motions because of the undersigned's refusal to recuse herself. ECF No. 48.

As an initial matter, plaintiff's motions are properly before the undersigned. The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940

---

[1] Plaintiff's fifth amended complaint (ECF No. 41) is also pending and will be screened by separate order.

1

(9th Cir. 1986) (citing <u>United States v. Azhocar</u>, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Studley</u>, 783 F.2d at 939 (quoting <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

Plaintiff argues that the undersigned should be removed because she is deliberately obstructing his prosecution of the instant case, and he has filed a complaint of judicial misconduct and a civil rights complaint against her. ECF No. 47; ECF No. 48 at 2. To the extent plaintiff's claims of bias and obstruction arise out of the undersigned's rulings in this case, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). Plaintiff's allegations that the undersigned is deliberately delaying his prosecution of this case are entirely baseless and are founded on nothing more than speculation and plaintiff's frustration at the pace of litigation. "Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." <u>United States v. Greenough</u>, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing <u>Phillips v. Joint Legislative Comm.</u>, 637 F.2d 1014 (5th Cir. 1981)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." <u>Id.</u> While the court understands plaintiff's frustration at how long it can take to resolve matters, these delays are not attributable to any malicious intent toward him, but rather to the fact that the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases. This sometimes causes unavoidable delays in the resolution of

1  individual matters.

2  With respect to plaintiff's argument that the undersigned should recuse herself because he
3  has filed a judicial complaint and a civil complaint against her, these are not grounds for recusal.
4  "A judge is not disqualified by a litigant's suit or threatened suit against him or by a litigant's
5  intemperate and scurrilous attacks." Studley, 783 F.2d at 940 (citations omitted).

6  Plaintiff's conclusory allegations, based on nothing more than speculation, fail to establish
7  a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists.  The
8  requests for recusal will therefore be denied.

9  Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to recuse (ECF Nos. 47,
10  48) are denied.

11  This ruling shall be final if plaintiff does not seek reconsideration of the order by the
12  District Judge within fourteen days of being served with this order.  Local Rule 303(b).  If
13  plaintiff seeks reconsideration of this order, he must file a request and serve a copy of the request
14  on the undersigned.  Any such request must specifically designate the ruling, or part thereof,
15  objected to and the basis for that objection.  Such request must be captioned "Request for
16  Reconsideration by the District Court of Magistrate Judge's Ruling."  Local Rule 303(c).

17  DATED: October 20, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3