1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEXTER BROWN,                              No.  2:12-cv-3045 MCE AC P

12                 Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14    STATE OF CALIFORNIA, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under Title II

18    of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134.  On October 20, 2014,

19    the court dismissed plaintiff's fourth amended complaint with leave to amend.  ECF No. 39.

20    Plaintiff's fifth amended complaint is now before the court.  ECF No. 41.

21    I.     Statutory Screening of Prisoner Complaints

22         The court is required to screen complaints brought by prisoners seeking relief against a

23    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

6  meritless legal theories or whose factual contentions are clearly baseless." (citation and internal

7  quotations omitted)), superseded by statute on other grounds as stated in Lopez v. Smith, 203

8  F.3d 1122, 1130 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

9         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl.

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13  However, in order to survive dismissal for failure to state a claim a complaint must contain more

14  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

15  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

16  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

17  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

18  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, pp.

19  235-36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

20  'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

21  (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

22  factual content that allows the court to draw the reasonable inference that the defendant is liable

23  for the misconduct alleged."  Id.  In reviewing a complaint under this standard, the court must

24  accept as true the allegations of the complaint.  See Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S.

25  738, 740 (1976).  The court must also construe the pleading in the light most favorable to the

26  plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411,

27  421 (1969).

28  ////

2

II.     Fifth Amended Complaint

Plaintiff's fifth amended complaint brings two claims against the State of California, the sole defendant.  ECF No. 41.

In Count I, plaintiff claims that he suffers from a physical disability, De Quervain's tenosynovitis, which makes it difficult to handwrite, and that he is required to submit written requests in order to access the programs offered by the California Department of Corrections (CDCR).  Id. at 4.  Plaintiff specifically alleges that his ability to submit grievances and "communicate with the courts, press, and government officials" has been hindered by the State. Id.  He states that in November 2012 his primary care physician ordered that he be given a typewriter to accommodate his disability, but when he attempted to obtain a typewriter he was informed by social worker Ms. Miller that an unidentified captain instructed her to not provide plaintiff with a typewriter.  Id. at 5.  When plaintiff proceeded to request an alternate accommodation in the form of an inmate handwriting assistant, this request was denied by Officer Ramirez in December 2012.  Id.

In Count II, plaintiff alleges that he has been diagnosed with bipolar disorder and that beginning in April 2012 he has been denied access to law enforcement investigative and protective services.  Id. at 7.  Plaintiff alleges that when he was denied these services, his mental health disability was specifically cited as the reason for the denial.  Id.  Plaintiff claims that in July and December 2012; January, July, September, and October 2013; and April and July 2014 he submitted multiple criminal complaints alleging that CDCR officials "had attempted to murder plaintiff and are engaging in an ongoing conspiracy to murder plaintiff."  Id. at 8.  He states these complaints were sent to the California Office of the Inspector General, CDCR's Office of Internal Affairs, Warden Duff, the Solano County Sheriff's Office, the Solano County District Attorney's Office, the California Attorney General's Office, the State Senate, and too many others to name. Id.

III.    Claims Under Title II of the ADA

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of that disability.  42 U.S.C. § 12132 (1994); Weinreich

3

v. Los Angeles Cnty. Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  In other words, the ADA is designed to challenge the denial of a benefit or service accorded similarly situated individuals "by reason of" the plaintiff's disability.  The Supreme Court has held that Title II of the ADA applies to state prisons.  Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).  To state a claim under Title II, the plaintiff must allege four elements:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

Simmons v. Navajo Cnty., 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)); Weinreich, 114 F.3d at 978.  "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006).

IV.    Claim for Which a Response Will Be Required

In Count I of the complaint, plaintiff alleges that in November and December 2012, he was denied accommodations for his disability that would have allowed him to communicate in writing.  ECF No. 41 at 4-5.  He claims that the refusal to provide him with an accommodation prevented him from being able to take advantage of the majority of programs offered by the CDCR and specifically prevented him from being able to submit grievances or communicate with the courts and other outside entities.  Id.  He further states that were it not for his disability and CDCR's refusal to accommodate his disability, he would be able to avail himself of these services, programs, and activities.  Id.  Plaintiff has pled sufficient facts to state a claim under Title II of the ADA based on the denial of access to CDCR programs and services as a result of the refusal to accommodate his disability.  Defendant will be required to answer Count I of the fifth amended complaint.

////

4

1    V.    Failure to State a Claim

2          In dismissing the fourth amended complaint with leave to amend, the court directed

3    plaintiff to identify both "the 'criminal predation complaint,' and who was involved in denying

4    the requested protection."  ECF No. 39 at 6.  Plaintiff has stated that starting in July 2012 he

5    submitted numerous complaints related to CDCR officials attempting to murder him and

6    identified some of the individuals and agencies to which he submitted the complaints.  ECF No.

7    41 at 8.  However, plaintiff states that he was denied services starting in April 2012, which is

8    prior to his first request.  He has also failed to identify any specifics related to his "criminal

9    predation complaint" or who denied him protection based upon his disability, despite an explicit

10   instruction to do so.  Id. at 7-8.  Identifying who the complaints were sent to is not the same as

11   identifying who denied plaintiff's requests for assistance.  Moreover, two of the agencies listed

12   are not State agencies and if either of those agencies denied plaintiff's requests, those denials

13   would not support a claim against the State.  Plaintiff has failed to allege facts sufficient to put the

14   State on notice as to the basis of his claim, and in light of plaintiff's numerous, unsuccessful

15   attempts at amendment, the court will recommend dismissal of the claim without leave to amend.

16   VI.   No Leave to Amend

17         If the court finds that a complaint should be dismissed for failure to state a claim, the court

18   has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-

19   30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the

20   defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see

21   also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

22   leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

23   clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.

24   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear

25   that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.

26   Id. at 1005-06.

27         The undersigned finds that Count II of plaintiff's fifth amended complaint fails to state a

28   claim upon which relief may be granted.  Moreover, despite guidance on the necessary pleading

5

1   requirements and notification of the defects in his previous complaints (ECF Nos. 5, 12, 28, 39),

2   plaintiff has been unable to state a viable claim.  Plaintiff has also ignored explicit instructions

3   from this court to identify details of the criminal complaint that he submitted and which

4   individual or entity denied the request based on his disability.  In light of plaintiff's continued

5   inability to state a claim, the court concludes that further amendment would be futile.  "A district

6   court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707

7   F.3d 1114, 1130 (9th Cir. 2013).

8         The undersigned therefore recommends dismissing the claim in Count II without leave to

9   amend.  Although "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P.

10   15(a)(2), plaintiff has already been provided four opportunities to amend his complaint to correct

11   deficiencies (ECF Nos. 5, 12, 28, 39).  Further leave to amend is unwarranted and would likely be

12   futile.

13         Accordingly, IT IS HEREBY RECOMMENDED that:

14         1.  Count II be dismissed without leave to amend.

15         2.  Service of Count I of the fifth amended complaint be ordered on defendant State of

16   California.

17         3.  The Clerk of the Court be ordered to provide to plaintiff a blank summons, a copy of

18   the pleading filed November 6, 2014 (ECF No. 41), one USM-285 form, and instructions for

19   service of process on defendant State of California.

20         4.  Within thirty days of service of an order adopting these findings and recommendations,

21   plaintiff shall return the Notice of Submission of Documents with the completed summons, the

22   completed USM-285 form, and two copies of the endorsed fifth amended complaint filed

23   November 6, 2014.  Plaintiff need not attempt service on defendant and need not request waiver

24   of service.  Upon receipt of the above-described documents, the court will direct the United States

25   Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4

26   without payment of costs.  Defendant State of California will be required to respond to plaintiff's

27   allegations in Count I within the deadlines stated in Federal Rule of Civil Procedure 12(a)(1).

28         5.  Failure to comply with the order will result in a recommendation that this action be

dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days of the filing of these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE